David S. Stone
Riadh Quadir
STONE & MAGNANINI LLP
100 Connell Drive, Suite 2200
Berkeley Heights, NJ 07922
Tel: (973) 218-1111
Fax: (908) 218-1106
dstone@stonemagnalaw.com
rquadir@stonemagnalaw.com
*Attorneys for Plaintiff Telebrands Corp.*

**16 CV 6610**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> AS SEEN ON TV, INC., TV GOODS, INC., BOB DECECCO, RON RULE, XYZ CORPORATIONS 1-10, and JANE AND JOHN DOES 1-10, <br><br> Defendants. | Civil Action No. <br><br> **DECLARATION OF DAVID S. STONE PURSUANT TO LOCAL CIVIL RULE 6.1(d)** |

I, David S. Stone, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.     I am an attorney admitted to practice before the this Court and am the Senior Managing Partner of Stone & Magnanini LLP, counsel for Plaintiff Telebrands Corp. ("Telebrands"). I submit this Declaration pursuant to Local Civil Rule 6.1(d) in support of Telebrands' application by order to show cause for a preliminary injunction. I am fully familiar with the facts set forth herein.

2.     Emergent relief is warranted as to the relief sought in, among other counts, Eight and Thirteen (unfair competition), as well as Counts Six and Ten (trademark

1

infringement claims) for the reasons set forth in Telebrands' **Verified Complaint** filed herewith, including:

a. Telebrands entered into an agreement with Defendants in October 2014 whereby it acquired all the rights, title, and interest in the "As Seen On TV" e-commerce website located at asseenontv.com (the "ASTV.COM Website") and all related intellectual property, including a trademark incorporating the phrase "As Seen On TV" (ASTV.COM Trademark), over 130 "As Seen On TV"-related domain names (variations of asseenontv.com, like as-seenontv.com), and a related telephone number for $3,000,000 (collectively "Additional Assets").

b. Defendants appear to have secretly retained and withheld, from among the Additional Assets, certain of the most crucial "As Seen On TV"-related domains, including seenontv.com and seenontvpc.com which they knew should have been included in the transaction (as they would pose a threat to the operation of the ASTV.COM Website) in order to monetize them in a subsequent transaction or enterprise.

c. Following the transaction, Defendants in bad-faith designed, developed, launched, and currently operate a new "As Seen On TV" website (the "New Website")—using the retained domain seenontv.com, and trademarks and internet search engine keywords confusingly similar to Telebrands' ASTV.COM Trademark—to market, promote, and sell "As Seen On TV" products, with the intention to compete directly with, and

2

redirect consumers from Telebrands and the ASTV.COM Website (located at the domain asseenontv.com):



Telebrands' ASTV.COM Trademark

(acquired from Defendants, and used on the ASTV.COM Website located at **asseenontv.com**)



Defendants' New Trademark

(used on the New Website located at **seenontv.com**)

    d. Defendants are actively selling at least one product—the "Copper Pro Pan"—on the New Website that has never been marketed, promoted, or sold on television.

    3. Defendants' continued operation of the New Website (at any domain, including the unlawfully retained domain seenontv.com) is contrary to Telebrands' intention and purpose for acquiring the ASTV.COM Website.

    4. Defendants' use of trademarks and internet search engine keywords strikingly similar to Telebrands' ASTV.COM Trademark is likely to cause confusion or mistake, deceive consumers as to the source of Defendants' goods, and/or cause consumers to mistakenly believe that there is an affiliation, connection, sponsorship, or association between Telebrands and the goods, services, and commercial activities of Defendants.

    5. Telebrands respectfully requests that the Court permit the parties to engage in limited *reciprocal* discovery to aid the Court in its assessment of Telebrands'

application for preliminary injunction by order to show cause.

6.  Accordingly, it is necessary for Telebrands to bring an application for preliminary injunction by order to show cause for expedited discovery rather than subject itself to any further delay which would result from seeking this relief by notice of motion.

7.  Telebrands has not previously made an application for similar relief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on August 22, 2016.

_____
David S. Stone

4